**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Skywalk Development, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Charles Vaughn, et al.,<br><br>Defendants. | No. CV11-8048-PCT-DGC<br><br>**ORDER** |

The eleven individually named Defendants – members of the Hualapai Tribal Council – filed a motion to stay this proceeding and alternatively to dismiss pursuant to Rule 12(b)(6). Doc. 25. Plaintiff Grand Canyon Skywalk Development, LLC opposes the motion and renews a request for expedited discovery. Doc. 26. Defendants' motion has been fully briefed. Docs. 25, 26, 27. For the reasons that follow, the Court concludes that principles of comity apply and that this case should be dismissed to permit Plaintiff to exhaust its remedies in tribal court.[1]

**I.    Background.**

Plaintiff entered into a formal revenue-sharing agreement with 'Sa' Nyu Wa ("SNW"), a corporation wholly owned by the Hualapai Indian Tribe, for the planning, construction, and operation of a glass skywalk and related facilities on the edge of the

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Grand Canyon on the Hualapai reservation.  Doc. 1 at 2.  Defendants passed an ordinance that would, according to Plaintiff, allow the Tribe to condemn Plaintiff's contract rights in the skywalk.  Fearing that its rights would be condemned by the Tribe, Plaintiff filed this lawsuit to challenge the validity of the tribal ordinance.  Doc. 26 at 8.  Plaintiff seeks a declaratory judgment that the Tribe lacks the power to condemn Plaintiff's contract rights under the ordinance.  Doc. 26 at 2.

Defendants argue that considerations of comity between the United States and the Tribe require that this proceeding be stayed until Plaintiff has exhausted its tribal remedies.  Doc. 25 at 4.  Defendants also argue that policies of tribal self-governance and judicial efficiency require this Court to allow the Hualapai tribal court in the first instance to determine the scope of its jurisdiction over Plaintiff as well as the validity of the tribal ordinance.  *Id*. at 5-6.  Defendants argue that if comity does not require exhaustion of tribal remedies, this case should nonetheless be dismissed because Plaintiff has failed to state a claim under federal law.  *Id*. at 9.

Plaintiff previously filed an action in Hualapai tribal court seeking to compel SNW to arbitrate disagreements over the skywalk contract.  That action remains pending.  Plaintiff argues that this case does not present comity concerns because it involves different parties and different claims than the pending tribal court case.  Doc. 26 at 2.  Plaintiff also argues that exhaustion of tribal remedies is not required because the tribal court lacks jurisdiction over Plaintiff.  *Id*. at 3.  Finally, Plaintiff argues that Defendants acted beyond the scope of their legal authority when they passed an ordinance that could be used to condemn Plaintiff's contract rights, and that this allegation raises issues of federal law sufficient to survive Defendants' motion to dismiss.  *Id*. at 6.

## II.    Comity and Exhaustion.

"[T]he federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction."  *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987) (quotation marks

and citation omitted). This is particularly true when litigation concerns the validity of a tribal ordinance. As the Ninth Circuit has noted, such litigation goes to the heart of tribal self-government and self-determination. As a result, the "tribe must itself first interpret its own ordinance and define its own jurisdiction." *See Burlington N. R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1246 (9th Cir. 1991) (requiring plaintiff to exhaust tribal remedies before district court could take action on its complaint seeking declaratory judgment invalidating tribal ordinance).

Plaintiff argues that comity concerns are irrelevant because this case differs from the currently-pending tribal court lawsuit, but Plaintiff also correctly concedes that comity concerns arise even where there is no case pending in tribal court. Doc. 26 at 3. The Ninth Circuit confirmed this point in *Crawford v. Genuine Parts Co.*, 947 F.2d 1405 (9th Cir. 1991), explaining "that principles of comity required federal courts to dismiss or to abstain from deciding cases in which concurrent jurisdiction in an Indian tribal court was asserted," and that "[w]hether proceedings are actually pending in the appropriate tribal court is irrelevant." *Id*. at 1407. *Crawford* further explained that "[t]he requirement of exhaustion of tribal remedies is not discretionary; it is mandatory. If deference is called for, the district court may not relieve the parties from exhausting tribal remedies." *Id*. (quotation marks and citation omitted).

Courts have recognized four exceptions to this exhaustion requirement: "where (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdictional prohibitions, (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction, or (4) it is plain that no federal grant provides for tribal governance of nonmembers' conduct on land covered by *Montana's* main rule." *Burlington N. R.R. Co. v. Red Wolf*, 196 F.3d 1059, 1065 (9th Cir. 1999). Plaintiff relies solely on the fourth exception, arguing that it is "plain" that the Hualapai tribal court lacks jurisdiction over Plaintiff. Doc. 26 at 3-6. The Court does not agree.

Plaintiff's argument focuses primarily on *Montana v. United States*, 450 U.S. 544 (1981).  In *Montana*, the Supreme Court recognized the "general proposition that inherent sovereign powers of an Indian tribe do not extend to the activities of nonmembers of the tribe."  *Id*. at 565.  The Court identified two exceptions to this rule – circumstances where "Indian tribes retain inherent sovereign power to exercise some forms of civil jurisdiction over non-Indians on their reservation."  *Id*.  First, "[a] tribe may regulate, through taxation, licensing, or other means, the activities of nonmembers who enter consensual relationships with the tribe or its members, through commercial dealing, contracts, leases, or other arrangements."  *Id*.  Second, "[a] tribe may retain inherent power to exercise civil authority over the conduct of non-Indians on fee lands within its reservation when the conduct threatens or has some direct effect on the political integrity, the economic security, or the health or welfare of the tribe."  *Id*. at 566.  Plaintiff argues that neither of the *Montana* exceptions applies here because Plaintiff did not enter into a consensual relationship with the Tribe and Plaintiff's conduct does not threaten the integrity, security, or welfare of the Tribe.  Doc. 26 at 3-6.

Plaintiff's arguments are inapposite in light of recent Ninth Circuit authority holding that a tribal court has jurisdiction over non-Indians conducting business on tribal lands regardless of whether the *Montana* exceptions apply.  *See Water Wheel Camp Recreational Area, Inc. v. LaRance*, --- F.3d ---, 2011 WL 2279188, at *7 (9th Cir. June 10, 2011).  The Court of Appeals explained in *Water Wheel* that *Montana* applies to non-Indian activities on non-reservation land, and that a tribe has separate authority to regulate the activities of non-Indians on reservation land.  That authority derives from the tribe's inherent authority to exclude non-Indians from its land.  As a result, "where the non-Indian activity in question occurred on tribal land, the activity interfered directly with the tribe's inherent powers to exclude and manage its own lands, and there are no competing state interests at play, the tribe's status as landowner is enough to support

regulatory jurisdiction without considering *Montana*." *Id*. at *9. *Water Wheel* further held that the tribe's judicial jurisdiction extended as broadly as its regulatory jurisdiction:

> While it is an open question as to whether a tribe's adjudicative jurisdiction is equal to its regulatory jurisdiction, the important sovereign interests at stake, the existence of regulatory jurisdiction, and long-standing Indian law principles recognizing tribal sovereignty all support finding adjudicative jurisdiction here. Any other conclusion would impermissibly interfere with the tribe's inherent sovereignty, contradict long-standing principles the Supreme Court has repeatedly recognized, and conflict with Congress's interest in promoting tribal self-government. Accordingly, we hold that in addition to regulatory jurisdiction, the [tribe] has adjudicative jurisdiction over both Water Wheel and Johnson.

*Id*. at *11.

In light of *Water Wheel*, the Court cannot conclude that the tribal court's lack of jurisdiction over Plaintiff's claim is "plain" as required by the only exception to exhaustion upon which Plaintiff relies. *Red Wolf*, 196 F.3d at 1065. To the contrary, it would appear that tribal court jurisdiction is likely. The Hualapai tribal court would appear to have jurisdiction over Plaintiff for activities conducted on tribal land, including the construction and operation of the skywalk. The authority recognized in *Water Wheel* would also appear to extend to Plaintiff's legal challenge to an ordinance passed by the Hualapai Tribal Council, on tribal land, to authorize condemnation of Plaintiff's interests in the construction and operation of the skywalk on tribal land. There appear to be no competing state interests like those addressed in *Water Wheel*.[2] As a result, the Court cannot conclude that it is "plain" that the Hualapai tribal court lacks jurisdiction over the claim asserted in this case.[3]

---

[2] *Water Wheel*'s discussion of state interests concerned *Nevada v. Hicks*, 533 U.S. 353 (2001), where the state's interest in executing a warrant for an off-reservation crime was significant to the decision. *Water Wheel*, 2001 WL 2279188 at *8. No similar state interest is present here.

[3] *Water Wheel* also noted that the activity in question in that case – overstaying a lease of tribal lands – had interfered directly with the tribe's inherent powers to exclude and manage its own lands. *Water Wheel*, 2001 WL 2279188 at *9. The Court does not

This conclusion comports with Supreme Court precedent. The Supreme Court has held that "[t]ribal authority over activities of non-Indians on reservation lands is an important part of tribal sovereignty," and that "[c]ivil jurisdiction over such activities presumptively lies in the tribal courts unless affirmatively limited by specific treaty provision or federal statute." *Iowa Mut.*, 480 U.S. at 18. Plaintiff's claim in this case challenges tribal authority to enact and enforce a tribal condemnation ordinance, a claim central to tribal self-government, and the tribal court must be given an opportunity to both decide whether it has jurisdiction and to interpret the ordinance. *Crow Tribal Council*, 940 F.2d at 1246.

For all of these reasons, the Court concludes that the fourth exception to exhaustion does not apply.[4] Because Plaintiff has failed to show that any of the exceptions to exhaustion apply, comity compels the Court to require that Plaintiff exhaust its remedies in tribal court.

Once a court determines that exhaustion of tribal remedies is required, it has discretion to decide whether the case should be stayed or dismissed. *Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 857 (1985). In this case, dismissal is appropriate. The Tribe has not sought to apply the ordinance challenged by Plaintiff, and may never do so. In addition, Plaintiff's current tribal court action to compel arbitration might result in resolution of the parties' dispute.[5] Because additional litigation to address the validity of the tribal ordinance may never be necessary in this

---

read *Water Wheel* as imposing this requirement as a condition of the tribal authority it recognizes, but even if it is a condition, it likely applies here. Plaintiff's attempt to invalidate a tribal ordinance designed to condemn interests on reservation lands would appear directly to implicate the Hualapai tribe's power to manage its own lands.

[4] The fourth exception is phrased in terms of *Montana* analysis, which does not apply to this case in light of *Water Wheel*, but the basic question is the same – whether it is "plain" that the tribal court lacks jurisdiction over Plaintiff. *Red Wolf*, 196 F.3d at 1065. For reasons stated above, the Court concludes that a lack of tribal jurisdiction is not "plain" in this case.

[5] The parties have reported that the tribal court is requiring them to engage in discussions to resolve their differences. Doc. 31.

Court, staying this litigation is unnecessary. The Court will dismiss this action to allow Plaintiff to exhaust its remedies in the tribal court. In light of this ruling, the Court need not address Defendants' motion to dismiss under Rule 12(b)(6).

**IT IS ORDERED:**

1. Defendants' motion (Doc. 25) is **granted** in part. This action is dismissed without prejudice in the interest of requiring Plaintiff to exhaust tribal court remedies.
2. Plaintiff's Motion for Expedited Discovery (Doc. 26) is **denied as moot.**

Dated this 23rd day of June, 2011.

David G. Campbell
United States District Judge