WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon Skywalk Development, LLC, a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>Charles Vaughn, et al.,<br><br>Defendants. | No. CV11-8048-PCT-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for reconsideration of this Court's June 23, 2011 order (Doc. 33) dismissing Plaintiff's claims without prejudice. Doc. 35. The Court ordered a response and reply to the motion (Doc. 36), and the parties complied (Docs. 37, 38). Plaintiff raises two grounds for reconsideration: (1) new facts in the form of a position asserted by the Tribe-owned corporation "Sa" Nyu Wa ("SNW") in a contract case brought by Plaintiff in tribal court, and (2) manifest error in relying on *Water Wheel Camp Recreational Area Inc. v. Larance*, 642 F.3d 802 (9th Cir. 2011). Doc. 35. The Court will deny the motion for reconsideration for reasons that follow.[1]

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied

---

[1] Plaintiff's request for oral argument is denied because the issues have been briefed thoroughly and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

"absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv. 7.2(g)(1).

Plaintiff has filed a lawsuit in Hualapai tribal court seeking to compel SNW to arbitrate disputes arising under the contract between Plaintiff and SNW for construction and operation of a skywalk on the Tribe's property at the Grand Canyon. Doc. 35. Plaintiff states that SNW has filed a motion to dismiss that case on the ground that sovereign immunity bars the suit and SNW's waiver of immunity in the contract applies only to actions brought in federal court. *Id.* at 3. From this position, Plaintiff infers that the Tribe will assert sovereign immunity in tribal court if Plaintiff seeks to challenge the condemnation ordinance at issue in this case, and that the Tribe "will attempt to act on the eminent domain issue without any impartial judicial oversight." *Id*. at 4. In sum, Plaintiff suggests that it should not be required to exhaust its remedies in tribal court because doing so will be futile. *See id.* at 4-6. Defendants respond that sovereign immunity will not be an issue in a condemnation proceeding because the Tribe would have waived its sovereign immunity by the act of initiating condemnation in tribal court. Doc. 37 at 2.

The Court is not persuaded that SNW's sovereign immunity argument in the tribal court renders tribal-court exhaustion of the different claims at issue in this case futile. This case is not brought against SNW; it is brought against the tribal council and other tribal officials. This case concerns the validity of a tribal condemnation ordinance, not the contract's arbitration provision at issue in the pending tribal court case. What is more, the fact that SNW has asserted a sovereign immunity argument does not mean that the tribal court will accept it. The tribal court may disagree with SNW's position. And even if the tribal court accepts the sovereign immunity argument in the contract case, it may reject such arguments in a suit against the tribal council under principles of *Ex Parte Young*, 209 U.S. 123 (1908). Finally, if Plaintiff seeks to assert the claim at issue in this

case in tribal court and is unable to do so, it presumably will have exhausted its tribal remedies and can return to this Court. Accordingly, Plaintiff fails to persuade the Court that new facts warrant reconsideration of the Court's exhaustion requirement.

Plaintiff's second argument is that *Water Wheel* is distinguishable from the facts of this case and therefore should not have been controlling in the Court's decision to dismiss. Doc. 35. Defendants respond that *Water Wheel* is indistinguishable because the contract the Tribe may seek to condemn is appurtenant to tribal land by virtue of involving services on tribal land. Doc. 37. It is important to remind both parties of the limited extent of the Court's June 23, 2011 ruling.

As the Court explained, "the federal policy supporting tribal self-government directs a federal court to stay its hand in order to give the tribal court a full opportunity to determine its own jurisdiction." *Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16 (1987) (quotation marks and citation omitted). This is particularly true when litigation concerns the validity of a tribal ordinance – the "tribe must itself first interpret its own ordinance and define its own jurisdiction." *See Burlington N. R.R. Co. v. Crow Tribal Council*, 940 F.2d 1239, 1246 (9th Cir. 1991).

Courts recognize only four exceptions to this exhaustion requirement: "where (1) an assertion of tribal jurisdiction is motivated by a desire to harass or is conducted in bad faith, (2) the action is patently violative of express jurisdictional prohibitions, (3) exhaustion would be futile because of the lack of adequate opportunity to challenge the court's jurisdiction, or (4) *it is plain* that no federal grant provides for tribal governance of nonmembers' conduct on land covered by *Montana's* main rule." *Burlington N. R.R. Co. v. Red Wolf*, 196 F.3d 1059, 1065 (9th Cir. 1999) (emphasis added). In its previous briefing, Plaintiff relied solely on the fourth exception, arguing that it was plain that the Hualapai tribal court lacks jurisdiction over Plaintiff because neither of the *Montana* exceptions would apply to this case. Doc. 26 at 3-6. Given the Ninth Circuit's recent decision in *Water Wheel*, the Court did not agree.

*Water Wheel* held that Supreme Court precedent "limits *Montana* to cases arising on non-Indian land." 642 F.3d at 813. When a case arises on Indian land, *Water Wheel* held that tribal jurisdiction exists if the activity interferes directly with the tribe's inherent powers to exclude and manage its own lands and if there are no competing state interests at play. *Id*. at 814. This Court concluded in its June 23, 2001 order that "Plaintiff's attempt to invalidate a tribal ordinance designed to condemn interests on reservation lands would appear directly to implicate the Hualapai tribe's power to manage its own lands," and that no competing state interest exists in this case. Doc. 33 at 5 nn. 2, 3. As a result, the Court concluded that the lack of tribal court jurisdiction was not "plain" as required by the only exception to exhaustion on which Plaintiff had relied. *Id.* at 5-6.

Plaintiff now argues that *Water Wheel* is distinguishable because it concerned a tribe's action against trespassers on reservation land, while this case concerns the tribe's attempted condemnation of a non-Indian's contract right that is not located on reservation land. Plaintiff contends, therefore, that *Montana* applies to this case and exhaustion should not be required because neither *Montana* exception will permit tribal court jurisdiction over this case. But *Water Wheel* limited *Montana* to cases arising on non-Indian land, 642 F.3d at 813, and the Court cannot say this is such a case. Plaintiff's claim in this Court concerns the validity of a tribal ordinance, passed by the tribal council on reservation land, to condemn contract rights that affect reservation land. Even if the Court were to accept Plaintiff's argument that this case concerns Plaintiff's contract right, the contract in question concerns the construction and operation of the skywalk on reservation land. The Court cannot say that this kind of case concerns the activities of a non-Indian on non-reservation land as required for the application of *Montana* after *Water Wheel*. As a result, the Court cannot conclude that there is a "plain" lack of tribal court jurisdiction over this claim as required to avoid exhaustion.

Plaintiff argues that a stay is a more appropriate remedy than dismissal without prejudice. Doc. 35 at 9-10. The Court does not agree. As noted in the previous decision,

the Tribe has not sought to apply the ordinance challenged by Plaintiff, and may never do so.  In addition, Plaintiff's current tribal court action to compel arbitration might result in resolution of the parties' dispute.  Because additional litigation to address the validity of the tribal ordinance may never be necessary in this Court, staying this litigation is unnecessary.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 35) is **denied**.

Dated this 22nd day of July, 2011.

_____
David G. Campbell
United States District Judge